UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICO MENEFEE,

       Plaintiff,                                    Civil Case No. 20-cv-13399
                                                     Honorable Linda V. Parker

v.

M.D.O.C., et al.,

       Defendants.
_____/

**<u>OPINION AND ORDER (1) GRANTING LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE, (2) SUMMARILY
DISMISSING THE INITIAL COMPLAINT, (3) DENYING AS MOOT THE
MOTIONS FOR A DEFAULT JUDGMENT AND INJUNCTIVE RELIEF,
AND (4) ALLOWING PLAINTIFF TO PROCEED WITH HIS
"AMENDED" COMPLAINT AGAINST L. MASON AND B. VERMUELEN</u>**

**I.    Introduction**

Plaintiff Rico Menefee is a state prisoner at the Cooper Street Correctional Facility ("JCS") in Jackson, Michigan. On December 14, 2020, he filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion to waive the fees and costs for this action (ECF No. 2). On February 25, 2021, Plaintiff filed a "renewed" motion for default judgment (ECF No. 4) and a motion for a preliminary or permanent injunction (ECF No. 5). Finally, on June 2, 2021, Plaintiff filed an "amended" complaint. (ECF No. 6).

Plaintiff alleges that he initially filed his complaint in the Michigan Court of Claims and that Court of Claims Judge Christopher M. Murray dismissed his complaint on October 28, 2020. (*See* ECF No. 1 at Pg ID 1, ¶¶ 1-2.) Plaintiff states that he is refiling his Court of Claims case in its totality, that the state court is inadequate to address the issues, and that Judge Murray continues to engage in judicial misconduct and to violate the rules of professional responsibility. (*See id.* at ¶ 3.) Plaintiff further alleges that Judge Murray engaged in prejudicial conduct, refused to address the issues in his complaint, had a conflict of interest, appeared to be biased, erroneously dismissed his case, and impeded his right to redress grievances. (*See id.* at ¶¶ 3-4.)

In his "renewed" motion for a default judgment, Plaintiff seeks a default judgment against the fourteen defendants who did not respond to his state complaint. (*See* ECF No. 4 at Pg ID. 218, ¶ 1.) In his motion for injunctive relief, Plaintiff seeks to renew the requests for injunctive relief that he made in state court. He contends that the Court of Claims was inadequate, refused to address the merits of his case, failed to address some of his motions, and gave the defendants preferential treatment. (*See* ECF No. 5, Pg ID 223, ¶¶ 2-3.)

Finally, in his "amended" complaint, Plaintiff seeks to add two defendants to his case: L. Mason, the business manager at JCS, and B. Vermuelen, the supervisor of the business office at JCS. Plaintiff alleges that Mason and

2

Vermuelen take the entirety of his state pay as a porter, leave him without any money to buy personal hygiene items and postage, and deny him indigent loans. (*See* ECF No. 6.) For the reasons set forth below, the Court is dismissing the initial complaint, but allowing Plaintiff to proceed with his "amended" complaint.

## II. The Motion to Waive Fees and Costs

A preliminary issue is the filing fee for this action. Plaintiff asks the Court to waive the fees and costs for this case because he is indigent, and his only income is $11.00 per month from an institutional job. (*See* ECF No. 2 at Pg ID 207.) He also alleges that he has no assets, stocks, bonds, or financial support to pay the filing fees. (*See id.*)

The Court's review of Plaintiff's litigation history in federal court reveals that three of his previous civil cases were dismissed as frivolous or for failure to state a claim. *See Menefee v. United Parcel Service*, No. 2:05-cv-74892 (E.D. Mich. Feb. 16, 2006); *Menefee v. Wayne Cnty. Jail Dep't of Food*, No. 2:01-cv-73884 (E.D. Mich. Sept. 10, 2002); and *Menefee v. Hall,* No. 2:01-cv-70924 (E.D. Mich. Mar. 22, 2001). Consequently, Plaintiff may not proceed without prepaying the fees and costs for this action unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff alleges that he is a chronic care inmate in imminent danger of serious injury and death. (*See* ECF No. 2 at Pg ID 207.) Further, exhibits to the

3

complaint indicate that he has been a Type II diabetic since 1997, has chronic foot problems, and suffers from dry, painful eyes due to glaucoma. (*See, e.g.,* ECF No. 1-1 at Pg ID 101, 106-112.)

Because the "imminent danger" exception to § 1915(g) "constitutes a pleading requirement, a plaintiff 'need[ ] only to assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation.'" *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Tucker v. Pentrich,* 483 F. Appx. 28, 30 (6th Cir. 2012)). "[A] plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g), as incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once." *Id.* at 587. In other words, "for the purposes of § 1915(g), an individual afflicted with a chronic illness that left untreated would result in serious injury faces imminent danger when the illness is left untreated." (*Id.*)

Plaintiff's state complaint alleged inadequate health care, among other things, and a lack of treatment for Plaintiff's medical conditions could put him in imminent danger of serious physical injury. The Court, therefore, concludes that Plaintiff satisfies the "imminent danger" exception to § 1915(g). However,

4

because Plaintiff is a prisoner, he ultimately must pay the full filing fee for this action. 28 U.S.C. § 1915(b)(1).

The Court must assess and, when funds exist, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's trust fund account at the prison where he is confined, or (2) the average monthly balance in Plaintiff's account for the six-month period immediately preceding the filing of the complaint. *Id.* After Plaintiff pays the initial partial filing fee, he must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account at the prison. 28 U.S.C. § 1915(b)(2).

The Court orders the Michigan Department of Corrections to: (1) calculate and withdraw or set aside an initial partial filing fee from Plaintiff's trust fund account when funds exist; (2) forward this amount to the Clerk of this Court; and (3) in subsequent months, or from time to time when the amount in the account exceeds $10, forward to the Clerk of the Court payments consisting of twenty percent (20%) of the preceding month's income credited to Plaintiff's account until Plaintiff has paid the entire filing fee of $350.00. The Court will notify the Department of Corrections when Plaintiff has paid the entire filing fee.

### III. Background

#### A. The Initial Complaint

Plaintiff's federal complaint addresses two civil actions that he filed in state court: a civil complaint in the Michigan Court of Claims and a complaint for superintending control in the Michigan Court of Appeals. Plaintiff alleges that he filed the complaint for superintending control to address errors in his criminal case, but the Court of Appeals dismissed his case without providing any reasons for the dismissal. (*See* ECF No. 1 at Pg ID 2, ¶¶ 5-8.)

The other complaint, the one filed in the Court of Claims, challenged the conditions at JCS. That complaint was assigned to Judge Christopher M. Murray, who was also on the panel which dismissed Plaintiff's case before the Michigan Court of Appeals. (*See id.* at Pg ID 2-3, ¶¶ 8-9.)

In his current federal complaint, Plaintiff alleges that the Clerk for the Michigan Court of Claims initially refused to provide him with state-approved summonses to be served on the eighteen defendants in his civil complaint. (*See id.* at Pg ID 3, ¶¶ 10, 12.) Eventually, Plaintiff acquired a state-approved summons from another inmate, and the Court of Claims accepted his complaint about the conditions of confinement. (*See id.* at Pg ID 3-4, ¶¶ 13-14.) According to Plaintiff, none of the defendants in the state case filed a timely response to the complaint even though he served his complaint on all of them. (*See id.* at Pg ID 4,

6

¶ 14.) Consequently, on September 29, 2020, Plaintiff filed a motion for appointment of counsel and a motion for default judgment against all eighteen defendants. (*See id.*, ¶ 15.) Judge Murray denied the motion for appointment of counsel and did not address the motion for default judgment. (*See id.*, ¶ 16.)

On September 30, 2020, an assistant attorney general for the State of Michigan filed an appearance on behalf of four of the eighteen defendants in the state case. (*See id.*, ¶ 17.) Those defendants filed a motion for summary disposition in which they argued that: (i) Plaintiff could not pursue his claims because he had outstanding court fees; (ii) Plaintiff failed to state a valid claim; (iii) Plaintiff was barred from relitigating prior claims and claims that exceeded the statute of limitations; (iv) the defendants were immune from suit; and (v) Plaintiff had failed to exhaust his administrative remedies about the COVID pandemic. (*See id.* at Pg ID 4-7.)

On October 28, 2020, Judge Murray dismissed Plaintiff's complaint because Plaintiff did not contest the four defendants' motion for summary disposition by filing a response to the motion, despite being served with the motion. (*See id.* at Pg ID 7, ¶ 27; *see also id.* at Pg ID 45-46 (Judge Murray's order granting summary disposition to the defendants in Plaintiff's Court of Claims case, dismissing Plaintiff's Court of Claims complaint without prejudice, and closing that case).

7

Plaintiff moved for reconsideration, but Judge Murray denied the motion on November 12, 2020. (*See id.* at Pg ID 8, ¶ 32.)

Plaintiff has filed the same complaint, supplemental pleading, and exhibits that he submitted to the Michigan Court of Claims in this court. (*See id*. at Pg ID 1, ¶ 1 ("This is a civil rights complaint . . . [that] was originally filed in [the] Michigan Court of Claims before Hon. Christopher M. Murray under case number 20-000-138-MH); *see id.* at ¶ 3 ("This case is being refiled in its totality in the United States District Court . . . ."); *see also id.* at Pg ID 12-100 and ECF No. 1-1 at Pg ID 1-92 (the state-court complaint, state-court supplemental pleading, and exhibits to the state-court case).) Plaintiff contends that the state court is inadequate to address the issues and that Judge Murray committed misconduct and violated the rules of professional responsibility by (a) failing to perform his judicial duties, (b) engaging in the prejudicial administration of justice, and (c) refusing to address issues in his complaint. (*See* ECF No. 1 at Pg ID 1, ¶ 3.) Plaintiff further alleges that Judge Murphy had a conflict of interest, was biased or prejudiced, made a completely erroneous decision to support the defendants, and impeded Plaintiff's right to seek redress of grievances. (*See id*. at Pg ID 2, ¶ 4.)

Plaintiff now seeks injunctive relief from this Court. He requests restoration of disciplinary credits and other special credits, restoration of his minimum sentence and his earliest release date, and five to seven days of disciplinary credits

8

for every month that he does not receive a misconduct ticket.  (*See id.* at Pg ID 9.) He also seeks a therapeutic diet, medical treatment, and an order directing prison officials to take greater precautions against COVID-19.  (*See id.*)

### B. The Motions for Default Judgment and Injunctive Relief

On February 25, 2021, Plaintiff filed a "Renewed Motion for Default Judgment" (ECF No. 4), and a "Motion for a Preliminary or Permanent Injunction (ECF No. 5).  In the Renewed Motion for Default Judgment, Plaintiff seeks a default judgment against the fourteen defendants who failed to respond to his state-court complaint and summonses.  Plaintiff alleges that he mailed eighteen copies of his complaint and summonses on August 31, 2020, or September 1, 2020, and that the deadline for a response was September 29, 2010, but no one filed a timely appearance on the defendants' behalf.  (*See* ECF No. 4 at Pg ID 218, ¶¶ 1-2.)

Plaintiff further alleges that he filed a motion for default judgment in the Michigan Court of Claims on September 29, 2020 (*see id.* at ¶ 3); however, the Court of Claims did not address his motion, and the state attorney general filed an appearance on behalf of only four of the eighteen defendants (*see id.* at Pg ID 219, ¶ 5).  Plaintiff now seeks a default judgment from this Court.  (*See id.* at Pg ID 220.)

In his motion for a preliminary or permanent injunction, Plaintiff alleges that Judge Murray did not address some of his motions, including his request for

9

injunctive relief.  (*See* ECF No. 5 at Pg ID 223, ¶ 2.)  Plaintiff also alleges that the defendants are intentionally infecting the entire prison population with the coronavirus known as COVID to establish herd immunity without a vaccine.  (*See id.* at Pg ID 224, ¶ 5.)  Plaintiff asserts that prison officials brought dozens of infected inmates into the prison on several occasions and placed the infected inmates in every prison unit.  (*See id.* at ¶ 6.)  According to Plaintiff, two inmates infected with COVID were placed in his cubicle and, prior to the inmates' release, they infected everyone in the cubicle.  (*See id.* at ¶¶ 6-8.)

Plaintiff also alleges that MDOC officials have not adequately treated him for problems with his feet, eyes, diabetes, high blood pressure, and high cholesterol.  (*See id.* at Pg ID 225, ¶¶ 10-11.)  Finally, Plaintiff alleges that prison officials have deprived him of disciplinary credits, which would reduce the amount of time spent in prison.  (*See id.* at ¶¶ 12-13; *id.* at Pg ID 226, ¶¶ 14–15.)

IV. **Discussion**

    A. **Legal Framework**

District courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).  Although a complaint "does not need detailed factual

allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" in the applicable subsection of 28 U.S.C. § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

This action was brought under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting 42 U.S.C. § 1983). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the

11

deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### B. Application of the Legal Framework

As noted above, Plaintiff has re-filed his Michigan Court of Claims' complaint in this court. He asserts that the state court is inadequate to address the issues and that Judge Murray was biased against him and violated the rules of professional responsibility.

#### 1. *Rooker-Feldman*

Plaintiff's complaint fits the pattern of cases known as *Rooker-Feldman* cases. In those cases, "[t]he losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." *Skinner v. Switzer*, 562 U.S. 521, 531 (2011) (footnote omitted); *accord Lance v. Dennis*, 546 U.S. 459, 463 (2006) (stating that, "under what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments"); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments

12

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because "'28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court.'" *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012)). Courts "determine whether *Rooker-Feldman* bars a claim by looking to the 'source of the injury the plaintiff alleges in the federal complaint.'" *Id.* (quoting *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir. 2006)). The doctrine bars

> only claims where "the source of the injury is the state court decision," *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). If there is instead "some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* In short, where a plaintiff does not seek "redress for an injury allegedly caused by the *state court decision* itself," but instead "seeks redress for an injury allegedly caused by the *defendant's actions*," *Rooker-Feldman* does not apply. *Id.* at 393 (quoting *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 717 (4th Cir. 2006)).

*Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 674 (6th Cir. 2018).

Stated differently, if a federal plaintiff raises an independent claim, it is not an impediment to the exercise of federal jurisdiction even if the parties previously raised the same or a related question in state-court. *Skinner*, 562 U.S. at 532

13

(citing *Exxon*, 544 U.S. at 292-93). But "[i]f the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *VanderKodde*, 951 F.3d at 402 (citing *McCormick*, 451 F.3d at 393).

Plaintiff raised his claims about the conditions of confinement, including his allegations about the denial of medical care and access to the courts, the forfeiture of disciplinary credits, and the threat of COVID, in the Michigan Court of Claims. Plaintiff raised his claims about sentencing and disciplinary credits in the Michigan Court of Appeals in his complaint for superintending control. The Michigan Court of Appeals dismissed the claims about Petitioner's sentencing and disciplinary credits, and the Court of Claims granted four defendants' motion for summary disposition and then closed the entire conditions-of-confinement case.

The source of Plaintiff's current injury is the state courts' rejection of the claims for which he seeks relief here, either by dismissing his state complaints or by failing to address certain claims and motions. Because Plaintiff lost in state court before he presented his claims here, this Court lacks jurisdiction to undo the state courts' judgments.

### 2. The Independent Judicial Misconduct Claim

Plaintiff's claim that Judge Murray was biased or prejudiced against him is an independent claim, which is not controlled by the *Rooker-Feldman* doctrine. Judges, however, generally have broad immunity from being sued. *Norfleet v.*

14

*Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (*per curiam*), and *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351-52 (1871)). Although judicial immunity does not extend to everything a judge does, *id.*, it is overcome in only two sets of circumstances, *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (internal and end citations omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Id*. at 11. In fact, judicial "immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

  Judge Murray's dispositive decision in Plaintiff's Court of Claims case was a judicial act, and Plaintiff is not alleging that Judge Murphy lacked jurisdiction over his case. Therefore, Judge Murphy enjoys immunity from suit. This immunity generally extends to actions against a judge for injunctive relief. *See* 42 U.S.C. § 1983 (stating that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

Furthermore, a § 1983 action is not a proper remedy for a state prisoner who is challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Therefore, Plaintiff's challenge to the dismissal of his state cases and his request for restoration of disciplinary and sentencing credits are not cognizable in this § 1983 case. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (stating that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).

Plaintiff's allegations of malpractice also do not state a cognizable claim in a § 1983 action. "[M]alpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and the proper forum for a malpractice action is the state court under the state's tort claims act. *Id.* at 107.

### 3. The "Amended" Complaint

Plaintiff's "amended" complaint (ECF No. 6) supplements, rather than replaces, his initial complaint, and raises an independent claim concerning L. Mason and B. Vermeulen, who work in the business office at JCS. As noted above, Plaintiff contends that Mason and Vermuelen take his entire state pay as a

16

porter, leave him without any money to buy personal hygiene items and postage, and deny him indigent loans. (*See* ECF No. 6.) This is an independent claim that is not barred by the *Rooker-Feldman* doctrine, and it arguably states a plausible claim for relief. Accordingly, the Court will allow Plaintiff to proceed with this claim.

## V.     Conclusion

Plaintiff's claims about Judge Murray are frivolous and fail to state a plausible claim for relief, and the Court lacks jurisdiction over the claims that Plaintiff presented unsuccessfully to the state courts. In addition, his request for restoration of disciplinary and sentencing credits is not a cognizable claim in this § 1983 action.

Accordingly,

**IT IS ORDERED** that the initial complaint (ECF No. 1) is summarily dismissed. As such, the following individuals and entities listed on the docket are terminated: M.D.O.C., Heidi Washington, Carmen McIntyre, James Blessman, Shahid Hussenin, Kristin Maxson, Sabrina Allen, Jodi Nakata, Dr. Greiner, Transfer Coordinator Lopeman, FNU Morsel, FNU Rose, FNU Kruger, Jane and/or John Doe(s), Warden Floyd, and J-Pay. The claims against Judge Murray are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the claims that were presented to the state courts are dismissed without

prejudice pursuant to the *Rooker-Feldman* Doctrine. *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (stating that "dismissals for lack of jurisdiction should generally be made without prejudice").

**IT IS FURTHER ORDERED** that the renewed motion for a default judgment and the motion for injunctive relief are denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff may proceed with his claims against L. Mason and B. Vermeulen.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 31, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 31, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager