UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICO MENEFEE,

        Plaintiff,                        Civil Case No. 20-cv-13399
                                                             Honorable Linda V. Parker

v.

M.D.O.C., et al.,

        Defendants.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On August 31, 2021, this Court issued an opinion and order summarily dismissing Plaintiff's initial complaint which first had been filed and dismissed by the Michigan Court of Claims. (ECF No. 7.) The Court concluded that most of the claims were barred under the *Rooker-Feldman* doctrine and that the remaining claims against the judge who presided over the Michigan Court of Claims' proceedings were barred by judicial immunity. The matter is presently before the Court on Plaintiff's Motion for Reconsideration. (ECF No. 12.)

When Plaintiff filed his motion, the Local Rules for the Eastern District of Michigan provided the following standard of review for such motions:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable

> implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).[1] Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). Plaintiff fails to demonstrate a palpable defect in the Court's decision.

Contrary to Plaintiff's belief, the Court understands that Plaintiff is claiming that the named defendants, while acting under color of state law, violated his civil rights. However, Plaintiff's allegations against those defendants already were adjudicated in the Michigan Court of Claims. The *Rooker-Feldman* doctrine bars Plaintiff from relitigating those claims here. Plaintiff essentially is asking this Court to review the state court's decision.

For these reasons, Plaintiff's Motion for Reconsideration (ECF No. 12) is

---

[1] On December 1, 2021, after Plaintiff filed his motion for reconsideration, Local Rule 7.1(h)(3) was amended.

**DENIED**.

**IT IS SO ORDERED**.

                                                      s/ Linda V. Parker
                                                      LINDA V. PARKER
                                                      U.S. DISTRICT JUDGE

Dated: June 1, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 1, 2022, by electronic and/or U.S. First Class mail.

                                                        s/Aaron Flanigan
                                                      Case Manager