UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICO MENEFEE,

       Plaintiff,                      Civil Case No. 20-cv-13399
                                        Honorable Linda V. Parker

v.

M.D.O.C., et al.,

       Defendants.
_____/

## OPINION AND ORDER

Plaintiff, a Michigan prisoner, initiated this action on December 14, 2020. (ECF No. 1.) On June 2, 2021, Plaintiff filed an "amended" complaint asserting claims against only two individuals working at the facility where he is incarcerated: L. Mason, the business manager, and B. Vermeulen, the supervisor of the business office. (ECF No. 6.) In an opinion and order issued August 31, 2021, this Court summarily dismissed the claims in Plaintiff's initial complaint but allowed him to proceed with the claims in his amended pleading. (ECF No. 7.) The matter is now before the Court on various motions or requests filed by Plaintiff:

- Motion to Amend the Amended Complaint (ECF No. 16);

- Motion for Stipulation on Issues to Be Deposed Pursuant to Federal Rule of Civil Procedure 30(a)(2) (ECF No. 21);

- Renewed Motion for Injunctive Relief (ECF No. 23);

- Renewed Motion for Declaratory Ruling Pursuant to 28 U.S.C. §§ 2201-2202 (ECF No. 24); and

- Request for Clarification and to Expedite Settlement Proceedings (ECF No. 29).

Mason and Vermeulen (also collectively "Defendants") filed response briefs with respect to all of Plaintiff's filings. (ECF No. 20, 25, 26, 30.) Plaintiff filed reply briefs in support of his motion to amend and motion regarding depositions. (ECF Nos. 22, 27.)

### **Plaintiff's Motion to Amend**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend its pleading *once* as a matter of course" within 21 days of serving it or 21 days after the filing of an answer or motion to dismiss, whichever is earlier. Fed. R. Civ. P. 15(a)(1) (emphasis added). Plaintiff previously filed an amended complaint. Therefore, pursuant to Rule 15, he may only amend his pleading with Defendants' consent or the Court's leave. Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires." *Id*. The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further

2

instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

In his motion to amend, Plaintiff seeks to add claims against the following individuals: Nurse Dion; Kristin Maxson; Grievance Coordinator J. Flynn; law library technician Rose; her supervisor Kruger; Dr. Griener; dietician Lopeman; medical directors Carmen McIntyre, James Blessman, and Shahid Hussenin, Warden Floyd, and MDOC Director Heidi Washington. (*See* ECF No. 16.) With the exception of Nurse Dion and J. Flynn, these individuals and Plaintiff's allegations against them are identical to those raised in his Michigan Court of Claims' Complaint and the initial Complaint he filed here (*see* ECF No. 1), which this Court dismissed under the *Rooker-Feldman* doctrine. Therefore, any amendment to add these individuals or claims would be futile.

Plaintiff's proposed claim(s) against J. Flynn relate to that individual's handling of Plaintiff's grievances (ECF No. 16 at Pg ID 281, ¶ 13) and are therefore also futile. The Sixth Circuit has held that a § 1983 claim cannot survive against a defendant whose "only role[] . . . involve[d] the denial of administrative

3

grievances or the failure to act. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004).

As to Nurse Dion, Plaintiff seeks to assert claims related to the improper care of a July 5, 2021 knee injury. (*See* ECF NO. 16 at Pg ID 280-281, ¶¶ 7-10.) Plaintiff's claims against Mason and Vermeulen relate to their handling of the money Plaintiff receives from an institutional job and his prison account. (*See* ECF No. 6.) These parties and claims may not be properly joined under Rule 20 of the Federal Rules of Civil Procedure.

Rule 20 provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). While "joinder of claims, parties[,] and remedies is strongly encouraged[,]" *United States Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), "the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Boretsky v. Corzine*, No. 08-

4

2265, 2008 WL 2512916, at *4 (D.N.J. June 23, 2008) (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997)).  Plaintiff's claims against Nurse Dion and his claims against Mason and Vermeulen do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" or raise "any [common] question of law or fact[.]"

For these reasons, the Court is denying Plaintiff's motion to amend (ECF No. 16.)

## **Motion for Stipulation on Issues to be Deposed**

On December 7, 2021, Defendants filed a motion to take Plaintiff's deposition.  (ECF No. 19.)  This Court referred the motion to Magistrate Judge Anthony P. Patti (ECF No. 18), who granted the motion on December 10 (ECF No. 19.)  Plaintiff now moves for an order requiring the deposition to "address all of the issues that the plaintiff has against the defendants[.]"  (ECF No. 21 at Pg ID 310.)  Plaintiff then lists what he believes those issues to be.

The scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .. Fed. R. Civ. P. 26(b)(1).  A court may be asked to *preclude* a party from asking questions based on privilege, relevance, "annoyance, embarrassment, oppression, , or undue burden or expense[.]"  *See* Fed. R. Civ. P. 26(c).  The court,

5

however, does not dictate the questions or issues that must be addressed in discovery.

For these reasons, the Court is denying Plaintiff's motion.

**Renewed Motion for Injunctive Relief and Motion for Declaratory Ruling**

Plaintiff moves for injunctive relief (ECF No. 23) and for an unspecified "declaratory ruling regarding all of the claims and issues listed in the original complaint" (ECF No. 24). As discussed below, Plaintiff has not demonstrated his right to injunctive relief. His original complaint was dismissed and therefore his request for declaratory relief based on that complaint is moot.

When a party moves for a preliminary injunction, the district court considers four factors to determine whether to grant relief: (1) the likelihood of success on the merits of the action; (2) the irreparable harm which could result without the requested relief; (3) the possibility of substantial harm to others; and (4) the impact on the public interest. *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 365-66 (6th Cir. 2022) (citation omitted). These factors must be balanced. *Id.* "But where there is no likelihood of either success on the merits or irreparable harm, an injunction is unwarranted—regardless of the showing on the other factors." *Id.* at 366 (citation omitted).

"[T]he preliminary injunction is an 'extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited

6

circumstances which clearly demand it.'" *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)).  The party moving for the injunction has the burden to show that the circumstances clearly demand it.  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiff fails to indicate the claim(s) on which he is relying for injunctive relief,[1] much less show that he is likely to succeed on the claim(s).  He does not adequately address the remaining factors, as well.

For these reasons, the Court is denying Plaintiff's motions for injunctive (ECF No. 23) and declaratory relief (ECF No. 24).

### Request for Clarification and to Expedite Settlement Proceedings (ECF No. 29)

Plaintiff seeks to expedite settlement proceedings.  (ECF No. 29.) Defendants do not oppose engaging in settlement discussions but only after the Court rules on dispositive motions.  (ECF No. 30.)

Plaintiff's request is premature.  Notably, Defendants have not yet responded to Plaintiff's Amended Complaint, although the time for them to do so

---

[1] Contrary to Defendants' assertion, this Court cannot conclude that Plaintiff seeks injunctive relief with respect to his dismissed claims.  Although he labels the motion a "renewed" motion for injunctive relief and his original motion was premised on the claims asserted in his initial complaint, he does not identify the claims on which he is seeking injunctive relief in the pending motion.  That is one of the many defects with the motion.

7

has long passed. Once they do so, the Court will resolve how this litigation should proceed and when any settlement conference would be most productive.

## Conclusion

For the reasons stated, the Court is denying Plaintiff's motion to file an amended complaint (ECF No. 16) and his other miscellaneous pending motions (ECF Nos. 21, 23, 24, 29).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 1, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 1, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager